UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 13-227

AKEIN SCOTT                                 SECTION "B"(5)

## ORDER AND REASONS

Before the Court are Petitioner Akein Scott's ("Petitioner") Motion for post-conviction Relief to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, related responsive memoranda, and the factual and legal record. For reasons that follow below,

**IT IS ORDERED** that the Motion § 2255 (Rec. Doc. 538) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Petitioner and his brother Shawn Scott were arrested in connection with a 2013 shooting that disrupted a Mother's Day second line parade in New Orleans, Louisiana. Rec. Doc. 538 at 3. On Dec. 11, 2014, a federal grand jury returned a Third Superseding Indictment charging Petitioner and five other defendants with "RICO" conspiracy, violent crimes in aid of racketeering, conspiracy to distribute heroin and crack cocaine, and other offenses, in which Petitioner was charged in fourteen counts. *See*

1

Rec. Doc. 163. Petitioner and his co-defendants were members of a RICO enterprise named "FnD" who are linked to crimes, including "conspiracy to distribute controlled substances, distribution of controlled substances, [and] acts involving murder" among others. *Id*. at 2.

During ongoing discussions regarding a possible plea, the Government informed Petitioner that it was investigating the murder of James Gould. Rec. Doc. 538 at 3-4. On February 24, 2016 the Government filed a sentencing memorandum, which asserted among other allegations that Petitioner and certain co-defendants murdered Gould as part of FnD conspiracy ("Gould Murder"). Rec. Doc. 374. Petitioner adamantly rejected his involvement and claimed that he had never seen Gould before. Rec. Doc. 538 at 3; see also Petitioner's Sentencing Memorandum at Rec. Doc. 393. Petitioner states that although the investigation was continuing the Government did not intend to pursue formal charges regarding the Gould Murder at his sentencing. However, the plea agreement included clear and express language that the Court was not bound to any discussions between the parties and could "consider any and all relevant conduct that [Scott] was involved in during the course of the conspiracy[.]" Rec. Doc. 273, pp. 1-4. Petitioner expressly indicated that he understood these and all terms of the agreement. Rearraignment Transcript Rec. Doc. 391.

Pursuant to plea agreement and factual basis documents, Petitioner pleaded guilty to Counts 1-3 of conspiracy and Counts 7, 9, 11, 13, and 19 concerning five different shootings in aid of those offenses. Rec. Docs. 270, 273, 274 and 391. Together, the charges amounted to a mandatory minimum sentence of 20 years imprisonment and a maximum of life. *Id*. The United States Probation Officer's presentence report (PSR) revealed that Petitioner faced a total offense level of 45, wherein the Guideline Sentence is Life. Rec. Doc. 400. Petitioner's trial attorney objected to the PSR, including the offense level and related use of the Gould murder. Counsel filed supporting memoranda for their objections. See Rec. Docs. 336, 393, 400 (pp. 58-59), and 406. The Court overruled those objections after hearings and sentenced Petitioner to life imprisonment plus 10 years. See Evidentiary Hearing Transcript at Rec. Doc. 382; and Sentencing Hearing Transcript at Rec. Doc. 461.

Petitioner filed a timely notice of appeal and had three major points of contention in his appellate briefs. Rec. Doc. 431. First, Petitioner argued that the Government breached the plea agreement by presenting the Gould Murder evidence. Second, the Government allegedly disregarded the agreement and presented the evidence, rendering Petitioner's plea not knowing or voluntary. Lastly, Petitioner argued that his counsel was ineffective in advising him to plead guilty. The Fifth Circuit affirmed Petitioner's conviction and sentence, rejecting his argument because he

"received the benefit of his bargain." *U.S. v. Aiken Scott*, No. 16-30300, 2017 WL 1958954 (5th Cir. 05/12/2017) ("Fifth Cir. Op."); EDLA Rec. Doc. 520-1.

Petitioner filed this § 2255 petition, contending the sentence should be vacated due to ineffective counsel. Rec. Doc. 538 at 3. Petitioner has three basic arguments: (1) his counsel was deficient for making him plead guilty, (2) his counsel was deficient for not withdrawing his guilty plea, and (3) her alleged deficiency caused prejudice. *See* Rec. Doc. 538.

**LAW AND ANALYSIS**

In a § 2255 petition, a federal prisoner may move to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). A petitioner may raise the following issues in his appeal: "(1) the sentence was imposed in violation of the Constitution, (2) the court was without jurisdiction, (3) the sentence was in excess of the maximum authorized by law, (4) or the sentence is otherwise subject to collateral attack." *Id*. When the petitioner is *pro se*, the Court must construe his petition "liberally." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Furthermore, issues raised and disposed of in a previous appeal from an original judgment and conviction are not considered in § 2255 motions. *United States v. Kalisk*, 780 F. 2d 506, 508 (5th Cir.), *cert denied*, 476 U.S. 1118 (1986); *United States v. Troutman*, 16 F.3d 1215 (5th Cir. 1994). Therefore, the Court will only assess Petitioner's ineffective

assistance of counsel claims, the only remaining claims post-appeal.

The Court must assess whether Petitioner's counsel was deficient under the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668 (1984). When asserting deficient counsel, the burden of proof rests with the petitioner. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). Although, "[s]urmounting *Strickland*'s high bar is never an easy task. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Ineffective counsel is defined by the two prong test: "(1) whether counsel's representation fell below the objective standard of reasonableness; and (2) whether there is a reasonable probability that, if counsel had not acted unprofessionally, the outcome of the proceeding would have been different." *Strickland*, 466 U.S. at 687.

First, the Court will determine if Petitioner's attorney was ineffective when she advised him to plead guilty. Rec. Doc. 538 at 6. At the time of his rearraignment, Petitioner maintained that he fully understood the consequences of his plea, including the admonition that the Court "could consider relevant conduct in fashioning a fair and just sentence." Rec. Doc. 273 at 3-4; See also Rearraignment Transcript Rec. Doc. 391 at 3-4; 10-13; 22-24; 32-42, 47-50. In accordance with appellate precedent, this Court has previously held that a § 2255 claim should be dismissed if the Petitioner's allegations directly contradict with his sworn testimony. *United States v. Vinnett*, Crim. A. No. 13-125, 2016 WL

705205, at *4 (E.D. La. Feb. 22, 2016)(Lemelle, J). This is in accord with Fifth Circuit precedent that affords "great weight" to the defendants' sworn statements at the plea colloquy. *United States v. Cothran*, 302 F. 3d 279, 283 (5th Cir. 2002). Petitioner acknowledged under oath as signing and understanding plea documents that explained the terms of the agreement with the condition that the Court has the ultimate discretion to determine an appropriate sentence, regardless of what his attorney or others might have said. Additionally, the record reflects that Petitioner's attorney explained to him that the Sentencing Guidelines are merely advisory and that the Court may sentence him anywhere within the statutory range.

Petitioner also argues that he received ineffective counsel because his attorney unreasonably misrepresented his possible sentence. Originally, counsel for Petitioner believed Petitioner had a total offense level of 35 based on information available to her. At that level, the guideline imprisonment range is 168-210 months. However, Petitioner would eventually learn that the Court calculated a total offense level of 45, resulting in a Guidelines Sentence of life imprisonment. Petitioner contends that the advice of counsel to plead guilty was constitutionally deficient because he relied on the lower total offense level and alleged Government's representations that it would not prosecute the Gould Murder.

Petitioner's arguments regarding his counsel in this fashion are meritless. The record overwhelmingly indicates that Petitioner was made aware that the plea agreement did not ensure that he would be sentenced to twenty years imprisonment. He repeated through sworn testimony and responses to Court questioning that he understood the repercussions of his guilty plea, including above noted admonitions that the sentencing judge was not bound by sentencing discussions between counsel and petitioner. "Such solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, an erroneous sentencing estimate by counsel does not necessarily indicate ineffective assistance. *Beckham v. Wainwright*, 639 F.2d 262, 266 (5th Cir. 1981). Thus, Petitioner's counsel was not deficient for communicating a reasonable estimate based on the information that was available to her.

The Fifth Circuit held in affirming Petitioner's sentence that the Government is not obligated to disclose any evidence it will present at sentencing. Rec. Doc. 520 at 5. Therefore, the Government owed no duty to Petitioner to reveal the Gould Murder evidence prior to sentencing because it pertained to his "relevant conduct," which may be presented to the Court. Petitioner even admitted on record that he knew the Government was investigating the Gould Murder and that relevant conduct could be presented at his sentencing. Therefore, Petitioner cannot credibly aver that his counsel's miscalculation of his sentence "affected [his]

7

understanding of the consequences of pleading guilty" in view of Petitioner's sworn acknowledgements during the plea colloquy as noted earlier. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

When judging a counsel's performance, the Fifth Circuit noted it must make "every effort to eliminate distorting effects of hindsight, and attempt to adopt the perspective of counsel at the time of representation." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (citing *Strickland*, 466 U.S. at 690). For the Court to grant a motion to withdraw a guilty plea, the defendant bears the burden of proof to ascertain a "fair and just reason" for withdrawal. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007). Still, there is no absolute right to withdraw a defendant's guilty plea. *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991).

Petitioner believes that counsel should have withdrawn his guilty plea once she realized that the Government would present evidence of the Gould Murder. Petitioner, however, fails to provide specific allegations of deficiency based on information made available to his counsel at the time. Furthermore, Petitioner does not indicate that he explicitly requested his attorney to withdraw guilty plea. Even if Petitioner had expressed his wishes, withdrawal would have led to more serious consequences. Petitioner's counsel reasonably concluded that the most reasonable strategy was to not withdraw his plea in light of the overwhelming evidence of guilt against Petitioner. Thus, Petitioner fails to

satisfy the first prong of the *Strickland* test, relative to the issue of objective reasonableness.

Lastly, the Court will examine whether the alleged attorney deficiency caused prejudice. To satisfy prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court, in return, will assess "whether a reasonable defendant would have rationally chosen to go to trial under the circumstances. . .[by] consider[ing] the risks faced by a defendant in selecting a trial rather than a plea bargain." *United States v. Kayode*, 777 F.3d 719, 726 (5th Cir. 2014).

In *Kayode*, the defendant claimed that he received ineffective assistance of counsel when his attorney allegedly failed to inform him that if he pleaded guilty he would likely face deportation. *Id*. at 722. The Fifth Circuit affirmed the district court's holding that the defendant was unlikely to succeed at trial due to the "overwhelming evidence against [him]." *Id*. at 726. There was evidence that the defendant received stolen mail belonging to more than 250 people and defrauded at least 98 financial institutions. *Id*. Moreover, postal inspectors uncovered more than 350 credit cards, social security numbers, credit reports, and other personal identification information under names other than the defendant's. *Id*. Because the defendant did not carry his burden to prove he would likely succeed at trial, the Court held that factor weighed

against a finding of prejudice. *Id.; Cf. U.S. v. Batamula*, 823 F.3d 237, 240-242 (5th Cir.) (*en banc*), *cert. denied*, __ U.S. ___ 137 S.Ct. 236 (2016).

Similarly in *Hill*, the defendant alleged his attorney gave erroneous advice regarding the defendant's eligibility of parole in conjunction with the agreed upon sentence in the plea bargain. *Hill*, 474 U.S. at 61. The Supreme Court did not assess this claim because it found that the defendant's allegations were "insufficient to satisfy the *Strickland v. Washington* requirements of prejudice." *Id*. (internal quotation marks omitted). The defendant failed to allege specific instances where his parole eligibility would affect his decision to plead guilty. *Id*.

Here, Petitioner does not meet his burden. Like *Kayode*, if Petitioner proceeded to trial, the great weight of evidence against him would likely have resulted in conviction. *See* Rec. Doc. 274. Fourteen cooperating witnesses would testify at trial about FnD's illegal drug distribution activities among other criminal activities in which the RICO enterprise was engaged. *See id*. at 4-8. As it specifically pertains to Petitioner, many of the same witnesses would testify they saw Petitioner with firearms and witnessed his involvement in five shootings, including the Mother's Day shooting. *Id*. at 12-26. In addition to multiple eye witnesses identifying Petitioner as the perpetrator, he was also captured via surveillance footage firing into the Mother's Day parade. *Id*. at 23-26. Similar to *Hill,* where the defendant failed

to make specific allegations of prejudice, Petitioner did not provide any evidence rebutting the overwhelming amount of evidence against him.

Furthermore, if Petitioner had gone to trial and been convicted, he would have faced a mandatory minimum sentence of at least 65 years compared to the 20 years minimum in his plea agreement. In the agreement, the Government agreed to seek dismissal of six counts, in which Counts 8, 10, 12 and 14 carried a mandatory sentence of 10 to 25 years to be served consecutively. Rec. Doc. 273 at 2. Additionally, the Government agreed to seek to dismiss Count 15, which mandated a consecutive five-year sentence. Rec. Doc. 548 at 16. It is sufficient for the Court to conclude that Petitioner is unable to prove the second prong of the *Strickland* test wherein his attorney's alleged deficiency caused him prejudice. The record reflects that Petitioner's attorney acted in his best interest to not withdraw his plea or proceed to trial. Even if Petitioner had expressed his desire to forgo the plea agreement and proceed to trial, he has failed to present a sound argument that he would have prevailed in light of the Government's overwhelming evidence against him.

It would be pointless to hold an evidentiary hearing to examine the reasoning behind counsel's actions when the record, including Petitioner's own acknowledgements under oath as noted above, clearly refutes the asserted § 2255 claims. The Court may deny a § 2255 motion without an evidentiary hearing if "the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). For all of above record acknowledgements by Petitioner, and the record as a whole, he has failed to show error or prejudice.

New Orleans, Louisiana, this 24th day of July, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE