Case 2:13-cr-00227-ILRL-JVM   Document 623   Filed 02/06/23   Page 1 of 9

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   Feb 6, 2023
CAROL L. MICHEL
CLERK
SMS                Mail

UNITED STATES OF AMERICA
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> AKEIN SCOTT, | Case No: 2-13-227 <br> "MOTION FOR COMPASSIONATE RELEASE" |

The petitioner Akein Scott who is at age 29 years old moves this court pursuant to Title 18 U.S. 3582(c)(1) to modify his original life sentence - Count ONE and Count TWO, and to concurrent 240 months terms of imprisonment on Counts 3, 7, 9, 11 and 13 as well as a 120 month term of imprisonment on Count 19 to time served ruling in favor of Akein Scott. For the following reasons the petitioner should be granted modifications of proper reductions motioning this honorable court to lawfully take into considerations this relief sought by Akein Scott.

The events concerning this underlying case of Akein Scott occurred between 2006 and early 2013. At that period and time petitioner Akein Scott was age range 13 thru 19 years old. The I.E.A. Youthful Offender (See) U.S. Sentencing Commission Youthful Offenders in the Federal System, 5. (May 2017) "https://www.us.sc.gov/sites/default/files/pdf/research and publications/research publications/2017/20176585 Youthful-offenders [2021] U.S. Dist. Lexis 2). In 2015 petitioner pleaded guilty to ONE count Rico conspiracy (Count 1); conspiracy to distribute and possess with intent to distribute controlled substances (Count 2) Conspiracy to use and possess firearms during, in relation to, and in furtherance of a cri (Count 3) four counts of assault with a dangerous weapon in furtherance of racketeering (Cou 7, 9, 11, and 13; and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime (Count 19), of which he was sentence in March 2016. The Bureau of Prisons (BOP has denied relief, so the jurisdiction lies within this district court.

Pursuant to 18 USC 3582 (c)(1)(A) a district court may modify a term of imprisonment upon motio of Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the (BOP) to bring a motion on the defendant behalf or lapse the 30 days from the receipt of such a request by the warden of the defendant's facility whichever is earlier, in determining whether to modify a term of imprisonment, a

district court must consider the factor in 18 USC 3553(a) and find that "extraordinary and compelling" (2021 U.S. Dist. Lexis 3) warrant such a reduction" and that such a reduction is consistent with applicable policy statement issued by the sentencing commission since the applicable policy statement laped, courts have found extraordinary and compelling reasons not named in policy statement, including a defendant youth and lack of maturity. Courts have also cited evolving research and law on this topic. For instance, the tenth and Fourth Circuits Courts of Appeals have approved a finding of "extraordinary and compelling reasons" when the district court exercised discretion to consider the defendants young age at the time of sentencing" among a combination of factor (See) United States v. Maumau, 993 F.3d 821, 837 (10th Cir. 2021), also United States v. McCoy, 981 F.3d 271, 274 (4th Cir. 2020) United States v. Herrera Genao, 2021 US Dist Lexis 112639, 2021 WL 2451820 at 8 (D.N.J. June 16, 2021) (Judge Anne E. Thompson).

United States v. Ramsay, 538 F.Supp. 5d 407 2021 U.S. Dist Lexis 389741, 2021 WL 1877963 at 15 (S.D.N May 11, 2021) Judge Ged S. Rakoff) discussing the science of developing brains at length) this order acknowledge, too that the Sixth Circuit Court of Appeals has held that conditions Known at sentencing (like age) cannot provide an extraordinary and compelling reason (see) United States v. Hunter, 12 F 4th 555, 571 (6th Cir. 2021)

While being a youthful offender has been a point of solicitous concern for the courts, since 2007 the courts [2021 U.S. Dist Lexis 54]

While being a youthful offender has been a point come to better understanding the neurological differences in young brains that can drive youthful crime. This order finds that petitioner Mr Akein Scott extraordinary rehabilitation while incarcerated, in combination with broader recognition of how young brain differ from adult brain constitute extraordinary and compelling reasons to reconsider his sentence.

Consistent with the science, Akein Scott petitioner disciplinary history from the BOP show decreasing seriousness over time. The Supreme Court emphasized the need for "individualized" sentencing when youth commit serious offenses. (See) Graham v. Florida, 560 US 48, 79, 130 SCt 2011, 176 LEd 2d 825 (2010) (Juveniles cannot be sentenced to life without the "possibly of parole for non-homicide crimes) Then in 2012 another Supreme Court decision stressed that important developments in science had emerged since Graham. (See) Miller v. Alabama, 567 US 460, 472 132 SCt 2455

183 L Ed, 2d 407 (2012) (No mandatory life without-parole sentences for juveniles who commit homicide. That is critical new science emerged before Akein Scott petitioners sentencing. (Plain error review is needed).

Numerous studies post-Graham indicate that exposure to deviant peers contributes to crime among young people. (quoting: Dr. Stein Berg: Aber, et, al as Amici Curiae 26-27 (2012); (See) also Lean Son ville, et el Frunto striatal Maturation Predicts Congnitive Control Failure to Appetitive clues in Adolescents 25), Cognitive Neuroscience, 2123, 2123-24 (2011) Lawrence Steinberg, A Dual System Model of Adolescent Risk-Taking, 52 Developmental Psychobiology 216, 216-217 (2010) Bernd Figner et al, Affective and Deliberative processes in Risky Choice 35 J Experimental Psychol 709, 710 (2009).

Since Miller, a broader recognition (2021 US. Dist Lexis 6) of the importance of the Adverse Childhood Experiences Study (ACES) has also great affected our understanding of crime among young adults. Research into Aces has shown that greater traumatic experiences in childhood correspond with risker behavior and a greater likelihood of involvement in the criminal legal system. The probation department now submits aces evaluations in presentence report (an evaluation missing from Akein Scott petitioner probation report) Aces has general applicability for adults but has particular sallenie for understanding youth behavior, 46 Chid Abuse Nesl 163-73 (Aug 2015); (See) also Merrick MT et al prevalence of Adverse Childhood Experiences from the 2011 through 2014 Behavior Risk Factor Surveillance System in 23 years 172 Juma Pediator 1038-44 (2018).

This reasoning, moreover is not limited to minors; but the effective lawful November, 2016, the Sentencing Commission added to Section 5H1.1 of the sentencing guidelines, ages (including youth) may be relevant in determining whether a departure is 2021 u.s Dist Lexis warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines "That addition replaced this sentence." Age (included, including youth) is not ordinary relevant in determining whether a departure is warranted. U.S. Sentencing Guidelines Commission Guidelines Manon/Amendment 73 , https://guidelines.us.sc.gov/ac/739 (Emphasis added).

Furthermore, in 2017 the United States Sentencing Commission produced it's first report on "youthful offenders" U.S. Sen'G Commision Youthful Offenders in the Federal System, supra, at 2. The commission explained that brains continue to develop until approximately age twenty five, and that developmental difference relevant to sentencing generally persist until around that age.

As the Supreme Court has held, characteristics" of transient rashness, proactivity for risk, and inability to assess consequences" among youth, both lessen a child moral culpability and enhance the prospect that, as the years go by, and neurological development occurs, his deficiencies will be reformed Miller, 567, U.S. at 472-73 (Cleaned up).

While a 2016 judge order imposed a life sentence, 240 months, cons 120 months, the greater recongnition of differences in young brains, along with Akein Scott petitioner demostrated rehabilitation, means that today order can better set a "graduated and proportioned" punishment for Akein Scott, consistent with the 3553(a) factors, id at (Cleaned up); (Having found extraordinary and compelling reasons this order therefore does not decide whether Akein Scott petitioner medical conditions - choranic asthma, high blood pressure combined with COVID-19, rise to the level of extraordinary and compelling reasons.

This order next turns to Section 3553(a) Factors:

(1) the nature and circumstances [2021 U.S. Dist Lexis 9] of the offense and the history and characteristics of the defendant.

(2) the need for the sentences imposed

(A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

(B) to afford adequate deterrence to criminal conduct;

(C) to provide the public from further crimes of the defendant, and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner.

(3) the kinds of sentence and the "sentencing range" established in the guidelines on balance, these factors favor release.

First Akein Scott petitioner plead to one count of RICO Conspiracy in a gravely serious case.

Charges against Mr. Scott conspiracy to distribute controlled substances, conspiracy to use and possess firearm in furtherance of a drug trafficking crime, four count of assault with dangerous weapons in furtherance of Racketeerin and Discharge of a firearm in furtherance of a drug trafficking crime. Alongside this very serious conduct Akein Scott petitioner history also includes [2021 Dist Lexis 10] experiencing his step father abuse, exposure to community violence. Akein Scott continues to make efforts to rehabilitate himself through education work, and programing inside the BOP please see (exhibit "A") for a complete list of accomplishments. These are the beneficial programs which helps with employment when release which are as follows: Culinary Art, Flagger, Personal Trainer, Commercial Driver License, And Curstodian Maintenance.

Second and third, the underlying crime required a very substantial sentence in ord to reflect the gravity of Akein Scott petitioner conduct and to deter others. But Akein Scott petitioner has served heavy time appoximately nine and half years off his original sentence (some of it "hard time" the pandemic. This factor is evenly-balanced. Fourth and fifth Akein Scott Petitioner level of current threat requires consideration of four factor under title 18 USC 3142(g)(1)(4)(1) the nature and circumstances of the of the offense+ charged, (2) the weight of the evidence against the defendant (3) the history and characteristics of the defendant, including the defendants [2021 U.S. Lexis 11] character, physical and mental condition family and community ties, past conduct, history relating to drug or alcoh abuse criminal history, and record concerning appearance in court; and the nature and serious of the danger to any person or the community that would be posed by the person release. Mr. Scott has submitted a robust re-entry plan with plans in place for mental health, vocational, social and housing support.

Reference to relevant conduct-defendant make the following argument special circumstances-speification Headnote [8]. If a statute prescribe a particular punishment to be inflicted on those who commit it under special circumstance's which it mentions or with particular aggravations, then those special circumstances must be speified in the indictment (Thomas,T joined by Ginsburg, Bry Sotomayor, and Kagangs) 186 L3d 2d 317]

The ingredients of the offense - Sentencing range headnote [19]
A fact that increases a sentencing for; thus, form an essential ingredient. Moreover, it is impossible to dispute the facts increasing the legally prescribed for aggraved punishment elevating the low-end of a sentencing range heightens the loss of liberty with the crime. The defendant's expected punishment has increased a result of the narrowed range and the prosecution is empowered by invoking the mandatory minimum to require the judge to impose a higher sentence/punishment then he might wish.

The Sixth Amendment - Fact Finding - New offense.
The essential Sixth Amendment inquiry is whether is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to a jury. It is no answer to say that the defendant could have received the same sentence with or without that fact. It is obvious, for example, that a defendant could not be convicted and sentenced for assault, if the as jury only finds the fact for larceny, even if the punishments prescribed for each crime are identical. One reason is that each crime has different elements and a defendant can be convicted only if the jury has found each elements of the crime and of conviction. Akein Scott arged that his life sentence violated Apprendi and that Apprendi violation constitutes an extraordinary and compelling reason for a sentence reduction under 3582(c)(1)(A). Akein Scott ask the court to exercise its discretion broadly in his favor.

See. United States District Court Eastern District of Michigan Southern Division Case # 06-20185 West argued that his life sentence violated Apprendi and that the Apprendi violation constitutes an extraordinary and compelling reason for a sentence reduction under §3582(c)(1)(A) Mr. West ask the court to exercise it's discretion broadly in his favor because he has no other options open to him, and said 3553(a) factors and in particular the disparate sentences imposed on his co-defendants support his request for relief. See

Sentencing Table - Drug Quantity Table Part I

### Certificate of Service

I Akein petitioner does here by certify pursuant to: Title 28 USC 1746(1) under penalty of perjury filed a true copy of the following.

Addressed To: Clerk of Court

Mailed on the Date of January 30 2023 to USP Allenwood Mailroom.

Respectfully,

Akein Scott
Reg# 33756-034



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$0.00
Origin: 17887
01/31/23
4192000887-08

PRIORITY MAIL®

0 Lb 5.40 Oz
RDC 04

EXPECTED DELIVERY DAY: 02/03/23

C026

SHIP TO:
500 POYDRAS ST
NEW ORLEANS LA 70130-3319

USPS TRACKING® #
9505 5135 2176 3031 3320 64

...tic use.
...nce (restrictions apply).*
...stic and many international destinations.

...ration form is required.
...rding claims exclusions see the
...r availability and limitations of coverag...

...PE

Legal Mail

To schedule free Package Pickup scan the QR code.

USPS.COM/PICKUP

.../ 2022
... x 9 1/2

FROM: Akein Scott 33756-034
P.O. box 3000
Allenwood U.S.P.
White Deer, PA 17887

TO

TO:
United States Court Eastern
District of Louisiana
500 Poydras Street
New Orleans, Louisiana
70130

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

This package is made from post-consumer waste. Please recycle - again.



UNITED STATES POSTAL SERVICE

PRIORITY MAIL

AKEIN

FOREVER USA
PURPLE HEART
USA FOREVER
FOREVER/USA
FOREVER / USA

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

Legal Mail

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.