SCOTT, Akein
Register No.: 33756-034
Unit 3A
Page 1

---

**Inmate Request to Staff Response**

This is in response to your Request to Staff, wherein you request a Compassionate Release/Reduction in Sentence (RIS) based upon "extraordinary and compelling circumstances." Specifically, you claim your lingering effects from COVID-19 warrants consideration based on the pandemic. Additionally, you state you are a first-time offender, innocent of your charges, and sentencing guidelines have recently changed causing you to be sentenced unfairly. Lastly, you state you have completed numerous programs during your incarceration.

In regards to your request for compassionate release based on your lingering effects from COVID-19, your request does not meet the criteria set forth in Program Statement 5050.50, Compassionate Release/Reduction in Sentence. A medical review determined you have not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less, you are able to care for your daily needs, and you are not confined to a bed or wheelchair for greater than fifty percent of your waking hours.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

While I appreciate and understand the issues at hand in regards to your claim of being sentenced unjustly, being innocent of your charges, and being a first-time offender who completed numerous programs while incarcerated, your request does not meet the requirements as set forth in policy. In accordance with Program Statement 5050.50, Compassionate Release/Reduction in Sentence, you do not meet the requisite criteria under extraordinary or compelling circumstances. The Bureau of Prisons does not have the authority, through its compassionate release/reduction in sentence procedures, to reduce an inmate's term of imprisonment because of your perception of an unfair sentence for being a first-time offender, taking advantage of numerous programming opportunities, or your claim of innocence.

Accordingly, your request for Compassionate Release/Reduction in Sentence has been denied. If you are dissatisfied with this response, you may appeal this decision through the Administrative Remedy Process.

9/6/2022
Date

B. Rickard
Acting Warden

**TENDERED FOR FILING**

FEB 0 6 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## Neuroscience Discovery Extraordinary & Compelling Circumstances

The case is extraordinary and a compelling circumstance when the brain development was underdeveloped concerning youths from ages 18 thru 25 years of age of an immature state of which the court needs to take serious review because of illegally sentencings that were done within the entire legal system of the country to the youths who brain development was not yet fully complete to be labeled as an adult of a mature mental capacity of the relative youth of which the foundations of Doctor Steinburg recognized discoveries of neuroscience are Supreme Court landmarks of which all courts must take full notice and disclosures about the above stated facts where the common-sense notion that ages 18 through 25 years of age tend to be immature, undeveloped, more impulsive at which the prefrontal cortex is the last part of the brain to fully develop and is not mature until a person's mid twenties, but the maturation of the prefrontal cortex leads to increased capacity to control one's behavior which did affect petitioner impulses, that this court must not overlook that to increased resistance to antisocial peer influence, and ultimately to

Page 1 of 11

fully adult levels of judgment because the U.S. Sentencing Guidelines policy statement concerning age was amended to encourage courts such as to your discretion to consider petitioner youth as a mitigating factor in sentencing more frequently. (See): Miller v. Alabama, 567 US 460, 471-72 (2012) stated "Supreme Court" relied on neuroscience in holdings that sentencing people to mandatory life without parole for crimes committed as juveniles violated the Eighth Amendment of which the court held that individuals under age (18)eighteen have the possibility to reform as they grew older such as petitioner. The Supreme Court has also recognized that youth is a profound mitigating factor when considering crimes committed by a teenager. (See) Montgomery v. Louisiana, 134 Oct 718, 734 (2016) stated "That only in the rarest cases will the transient immaturity defining youth fail to decisively, (against) decisively mitigate against life imprisonment for murder.

Courts have recognized that lawfully neuroscience research supports the proposition that people bear a lower degree of culpability for action committed in their late teens and early twenties and can weigh in favor of a sentence reduction. Because in caselaw of McCoy v. United States, 2020 WL 2738225 at *3 (E.D. Va. May 26, 2020) a court in this district granted a

a sentence reduction to a 36 year old man convicted of 29 robberies he committed at age 19 because of his exemplary record in prison, his restitution payments, and "an ever-growing body of research in developmental psychology and neuroscience of which United State v. McDonel, 2021 WL 120935 at *5 (E.D. Mich Jan 13, 2021) the Court cited the defendant's age, rehabilitation, and sentence length in reducing a 107 year sentence to 20 years. (See) United States v. Brooker, No. 19-3218-CR; 18-20 (2nd Cir. Sept 25, 2020) finding that "Zullo's age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence might perhaps weigh in favor of a sentence reduction because Congress seemingly contemplated that courts might consider such circumstances when it passed the original compassionate release statute in 1984 of S.Rep.No. 98-225, at 55-56 (1984) noting that reduction may be appropriate when other extraordinary and compelling circumstances justify a reduction of an unusually long sentence. (See): United States v. Maumau, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *6-7 (D. Utah Feb 18, 2020) finding the defendant's young age at the time of the sentence to be a basis for a reduction in sentence, also United States v. Lott, No. 95 CR 72, 2020 WL 3058093, at *3 (S.D. Cal. June 8, 2020).

granting a sentence to a 50 year-old man convicted of multiple armed robberies at age 22.

"Neuroscience discoveries what must be understood and remembered" neuroscience research in which there is a growing recognition that people may not gain full reasoning skills and abilities until they reach age 25 on average." (See): Nat'l Rifle Ass'n of Am. Inc. v. Bureau of Alcohol, Tobacco Firearms, and Explosives, 700 F3d 185, 210 n. 21 (5th Cir. 2012) stated: "Modern scientific research supports the commonsense notion that 18 to 20 year olds tend to be more impulsive than young adults aged 21 and over. The U.S. Sentencing Commission, Youthful Offender(s) in the Federal System at 6-7, Robert Sapolsky Dude, where's My Frontal Cortex? 15 Nautilus (2014); Alan Greenblatt, what is the Age of Respossibility? Governing (Sept 30, 2009), also (See) Graham v. Florida, 560 U.S. 48 (2010)(No. 08-7412, 08-7621) for an in-depth discussion of development in the prefrontal cortex, through adolescence and young adulthood.

Through the neuroscience provision of law these facts of underdevelop brain development is in need of a serious reduction, immediate release, time served based on the youth of the petitioner that are foundations when he was incarcerated as a youth that needs corrections since he was NOT an adult concerning the offense committed which it is up to the Attorney General, the sentencing judge to file an application for a sentence

Page 4 of 11

modification in the form of an appointed counsel to file a motion to reduce the sentence which may include affidavits or other written material because the court may direct to expand the record petitioner with limited resources may need help on submitting additional testimony examination or written materials related to this matter of which there should be a hearing in favor of the petitioner and him including counsel an opportunity to speak about the stated facts of neuroscience because proper demonstrated rehabilitation programs should be educated towards petitioner reentry into society to sufficiently doing proper justification as to a sentence reduction from the diminished culpability of juveniles and persons under age 25, as to that of matured adults, but the hallmark features the youth, immaturity of the youth, impetuosity, and failure on part of the past rulings against the youths in the entire legal system by cruel nature of assigned prosecutor actions cold-blooded nature of particular misconduct against the petitioner and violating the due process substantial Fifth Amendment protections entitled in the Eighth Amendment that was completely violated and a resentence by this honor court is needed to be considered based on the discovery of neuroscience correcting petitioner sentence with reduction and time served of an immediate release.

Page 5 of 11

Numerous Courts have specifically cited the Supreme Court's decision in Booker and the advisory nature of the guidelines in justifying sentence reduction.

At the age petitioner was charged or imprisoned it must be remembered his brain based on neuroscience was not fully developed, but new discoveries are lawfully now entitled to petitioner. Contemporary neuroscience confirms that adolescence and the associated lack of maturity, undeveloped of sense of responsibility, recklessness, irresponsibility, and needless heed of risk, under development are several studies by Dr. Lawerence Steinberg who expressed: "contemporary "neuroscience" as follows stating for the record that the human brain undergoes a "massive reorganization during the teenage years, but these changes are both structural and functional and makes adolescene a stage of life biologically, differently, distant from childhood to adulthood. Although the brains logically capabilities are-general formed at 16, and the systems controlling the more complexed judgments such as the risk/reward evaluations, response to environmental stressors, and implusive control and does not completely develop until the mid twenties. This petitioner charged offense is committed when the development of his brain was immature and not that of a mature adult as neuroscience discloses which is strongly within petitioner favor as lawful remedy for relief.

When considering sentencing reductions, time served the courts regularly consider an individuals youth at the time of offense. Which there is a broad consensus that other people are the less likely they are to reoffend, but the sentencing Commission Policy Statement concerning age was amended to encourage courts to consider the petitioners youth as a mitigating factor in sentencing.

Courts have granted sentence reductions to people convicted at young ages of offenses more serious than that of the petitioner, and this court can grant reducing sentence to time served for petitioner serving mandatory charged offense of an imprisonment which is cruel and unusually unfair to his due process substantial protections of equal fairness concerning scientific evidence concerning "brain development and behavioral development as a challenge to his unconstitutional sentence. The Eighth Amendment's prohibition of cruel and unusual punishment guarantees individuals the right not to be subjected to excessive sanctions. That right flows from the basic precept of justice that punishment for crime should be graduated and proportioned to both the offender and the offense. The concept of proportionality is central to the Eighth Amendment. The Supreme Court views that concept less through a historical prism than according to the "evolving standards of decency that mark the progress of a maturing society.

Page 7 of 11

Children such as petitioner who was a juvenile are constitutionally different from adults for purposes of sentencing because juveniles have diminished culpability and greater prospects for reform, they are less deserving of the most severe punishments.

What must be a understanding to the court is there are (3) three significant gaps between juveniles and adults; first children have lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking; second, children are more vulnerable to negative influences and outside pressure, including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings; and third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievable depravity.

The distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes, but because the heart of the retribution rationale relates to an offenders blameworthiness, the case for retribution is not as strong with a minor as with an adult. Nor can deterrence do the work in this context, because the same characteristics that render juveniles less culpable than adults - their immaturity, recklessness, and impetuosity - make them less likely to consider potential

punishment. An offender's age is relevant to the Eighth Amendment and so criminal procedure laws that fail to take petitioner's youthfulness into account at all would be flawed. A sentencer must have the ability to consider the mitigating qualities of youth. Youth is more than a chronological fact. It is a time of immaturity, irresponsibility, impetuousness, and recklessness. It is a moment and condition of life when a person may be most susceptible to influence and to psychological damage. And its signature qualities are all transient. Just as the chronological age of a minor is itself a relevant mitigating factor of great weight, so must the background and mental and emotional development of a youthful petitioner such as this matter be duly considered in assessing his culpability.

The over-kill sentences for a juvenile precludes consideration of his chronological age and its hallmark features - among them, immaturity, impetuosity, and failure to appreciate risks and consequences, but it prevents taking into account the family and home environment that surrounds him - and from which he cannot usually extricate himself - no matter how brutal or dysfunctional. It neglects the circumstances of many offenses which including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. A judge may grant or have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles because the Eighth Amendment's ban on cruel

Page 9 of 11

and unusual punishment. Eighth Amendment's prohibition of cruel and unusual punishment guarantees individuals the right not to be subjected to excessive sanctions. (See) Roper v. Simmons, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed 2d 1. That right flows from the basic precept of justice that punishment for crime should be graduated and proportioned to both the offender and the offense, and categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty.

### Certificate of Service

I petitioner _____ does hereby certify pursuant to: Title 28 USC 1746(1) under penalty of perjury filed a true, correct copy of the following legal documentation(s):

In Houston v. Lack, (1988) it is deemed delivered the legal documents to the mail room, staff will forward each document to proper authorities or counsel(s) of the record, and mailed for delivery at this following:

Addressed To: Clerk of Court

the legal mailed documents were via first-class envelope postage stamp delivered to U.S. Penitentiary-Allenwood mailroom on the date of January 30, 2023.

Respectfully,

*Alvin Scott*

Reg No.# 33756-034
U.S. Penitentiary-Allenwood
P.O. Box 3000
White Deer, PA 17887

This is my proposed plan of release as required by the compassionate release policy of the Federal Bureau of Prisons (FBOP).

Upon release I currently plan to relocate to Houston, TX area. I have obtained certifications in the following Industry areas; Forklift Operator, Custodic Maintenance, Commerical driving License. During my incarceration I have gained real world experience in two of the subjects and being assigned as an corrod I ordely/janitorial position and working in food service.

As a Corridor I Ordely I was responsible for the daily cleaning and maintence of an commical sized area, this required me to be familiar with proper chemicals and PPE usage along with floor maintence. In food service I was involved with every stage of meal consumption to includes planning, preperation, cooking and satitation, I possess a certificate in Safe Serv, which demonstrates I am competent to properly handle food.

I also have aspiration to become my own bussiness owner. I am in the planing phase of starting a trucking franchies a short time after my release. However while I am incarcerated I will seek to obtain the driving course in CDL. Farther I am building my credit in effort to better finance the bussiness.

Finally, my release plan would not be complete if I didn't give back to the community In that regard I plan to purfer the following acts of community service. Fitness class- which I will instruct eldely member in basic health, nutition and execise and non-profit to assit homeless and youth.

```
ALPGH          *         INMATE EDUCATION DATA      *    01-27-2023
PAGE 001       *              TRANSCRIPT            *    10:38:51

REGISTER NO: 33756-034    NAME..: SCOTT                  FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: ALP-ALLENWOOD USP

-------------------------- EDUCATION INFORMATION --------------------------
FACL  ASSIGNMENT DESCRIPTION            START DATE/TIME STOP DATE/TIME
ALP   ESL HAS    ENGLISH PROFICIENT     06-28-2016 0908 CURRENT
ALP   GED HAS    COMPLETED GED OR HS DIPLOMA 06-28-2016 0907 CURRENT

--------------------------- EDUCATION COURSES ----------------------------
SUB-FACL  DESCRIPTION                  START DATE  STOP DATE  EVNT AC LV  HRS
ALP       V-CULINARY ARTS              10-03-2022  CURRENT
ALP       PHYSICAL FIT AND BEHAVIOR MOD 05-24-2022 05-30-2022  P   C  P   20
ALP       S-FLAGGER CERTIFICATION      05-27-2022  05-27-2022  P   C  P    5
ALP       COMMERCIAL DRIVERS LICENSE   01-11-2022  03-15-2022  P   C  P   20
ALP       TISSUES&INTEGUMENTARY        11-09-2021  03-12-2022  P   C  P   20
ALP       HUMAN BODY & CHEM            01-23-2022  02-22-2022  P   C  P   20
ALP       WEIGHT MANGMNT & CARDIO ENDURE 12-06-2021 01-16-2022 P   C  P   20
ALP       RHU ACE HISTORY MANIFEST DEST 10-04-2021 10-29-2021  P   C  P    3
ALP       RHU PASS THE US CITZNSHP TEST? 08-24-2021 09-30-2021 P   C  P    3
ALP       NERVOUS SYSTEM               06-28-2021  08-09-2021  P   C  P   20
ALP       REC PUSH PACKET FITNESS      07-06-2021  07-27-2021  P   C  P   20
ALP       CTE JOB READY CERT:FRKLFT CLAS 06-03-2021 06-03-2021 P   C  P    4
ALP       NUTRITION AND BODY COMP      05-01-2021  05-30-2021  P   C  P   20
ALP       MUSCULAR FLEXIBILITY & COMPRE 04-12-2021 04-26-2021  P   C  P   20
ALP       RHU FAMOUS MALE SPORTS STARS 02-08-2021  03-31-2021  P   C  P    3
ALP       RHU AMERICAN-INDIAN WARS     01-07-2021  02-26-2021  P   C  P    3
COP       SPANISH LANGUAGE ACE CLASS   06-25-2019  02-03-2020  P   C  P   20
COP       PERSONAL CREDIT ACE CLASS    01-30-2019  06-24-2019  P   C  P   20
COP       JOB FAIR INFORMATION         02-12-2019  02-12-2019  P   C  P    2
COP       NESS PLAN ACE CLASS M 6:30-7:3 08-28-2018 01-30-2019 P   C  P   20
COP       THE WAY TO HAPPINESS         08-28-2018  01-30-2019  P   C  P   20
COP       FOOTBALL SPORTS RULES        09-18-2018  01-31-2019  P   C  P    4
COP       MUISIC THEORY CLASS          09-10-2018  10-30-2018  P   C  P   16
COP       ADVANCED GUITAR              09-10-2018  10-30-2018  P   C  P   16
COP       INTERMEDIATE DRUM CLASS      05-20-2018  06-18-2018  P   C  P   16
COP       MUISIC THEORY CLASS          05-20-2018  06-18-2018  P   C  P   16
COP       CHANGE PLAN                  04-04-2018  08-11-2018  P   C  P   10
COP       MANAGING MY LIFE             04-03-2018  08-10-2018  P   C  P   10
COP       RESPONSIBLE THINKING         04-02-2018  08-09-2018  P   C  P   10
COP       PERSONAL GROWTH              04-01-2018  08-08-2018  P   C  P   10
COP       FIELS MAINTENANCE CLASS      10-23-2017  11-02-2017  P   C  P    8
COP       FIELS MAINTENANCE CLASS      10-16-2017  10-25-2017  P   C  P    8
COP       CHANGE PLAN                  07-06-2017  09-22-2017  P   C  P   10
COP       AA PROGRAM                   06-30-2016  08-01-2017  P   C  P   20
COP       MANAGING MY LIFE             03-22-2017  06-03-2017  P   C  P   10
COP       RELAPSE PREVENTION           03-20-2017  06-01-2017  P   C  P   10
COP       ADVANCED CALISTENICS         02-27-2017  04-21-2017  P   C  P    4
COP       BASKETBALL SPORTS RULES      12-16-2016  01-05-2017  P   C  P    4
COP       FIELS MAINTENANCE CLASS      09-16-2016  10-18-2016  P   C  P   10
COP       TUE-WED 7:30-3:30 VT CUST MAIN 09-13-2016 10-18-2016 P   W  V   30

G0002          MORE PAGES TO FOLLOW . . .
```

```
 ALPGH           *          INMATE EDUCATION DATA       *      01-27-2023
PAGE 002 OF 002 *               TRANSCRIPT              *        10:38:51

REGISTER NO: 33756-034    NAME..: SCOTT                      FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: ALP-ALLENWOOD USP

---------------------------- EDUCATION COURSES ----------------------------
SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV HRS
COP        MINOR LEAGUE SPORTS RULES   07-15-2016 07-20-2016   P   C  P   4




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
 ALPGH  531.01 *          INMATE HISTORY            *    01-27-2023
PAGE 001 OF 001 *           PT OTHER                *    10:39:52

REG NO..: 33756-034 NAME....: SCOTT, AKEIN
CATEGORY: PTO        FUNCTION: PRT       FORMAT:

FCL   ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
ALP   ANG M WAIT ANGER MANAGEMENT CBT WAIT    01-28-2022 1056 CURRENT
ALP   MON SM G W MONEY SMART GENERAL POP WAIT 03-02-2022 1336 CURRENT
ALP   OCP EDU W  OCCUPATIONAL EDUC WAITLIST   07-27-2022 0001 CURRENT
ALP   ARTH FND C ARTHRITIS FOUNDATION WALK COMP 02-22-2022 1754 02-22-2022 1754
ALP   ARTH FND P ARTHRITIS FOUNDATION WALK PART 01-23-2022 1230 02-22-2022 1754
ALP   ARTH FND C ARTHRITIS FOUNDATION WALK COMP 01-16-2022 1225 01-16-2022 1225
ALP   ARTH FND P ARTHRITIS FOUNDATION WALK PART 12-06-2021 1231 01-16-2022 1225
ALP   HTH WELL C HEALTH & WELLNESS LIFESPN COMP 12-06-2021 1003 12-06-2021 1003
ALP   HTH WELL P HEALTH & WELLNESS LIFESPN PART 11-09-2021 1815 12-06-2021 1003
ALP   BRN HLTH C BRAIN HEALTH AS YOU AGE COMP 11-01-2021 1026 11-01-2021 1026
ALP   BRN HLTH P BRAIN HEALTH AS YOU AGE PART 03-09-2021 1431 11-01-2021 1026
ALP   ARTH FND C ARTHRITIS FOUNDATION WALK COMP 05-30-2021 1007 05-30-2021 1007
ALP   ARTH FND P ARTHRITIS FOUNDATION WALK PART 05-01-2021 1154 05-30-2021 1007
ALP   TALK DOC C TALKING WITH YOUR DOCTOR COMP 04-26-2021 1143 04-26-2021 1143
ALP   TALK DOC P TALKING WITH YOUR DOCTOR PART 04-12-2021 1206 04-26-2021 1143
ALP   VICT IMP C VICTIM IMPACT COMP           03-02-2021 1043 03-02-2021 1043
ALP   VICT IMP P VICTIM IMPACT PART           02-26-2021 0630 03-02-2021 1043
ALP   VICT IMP W VICTIM IMPACT WAIT           02-02-2021 1036 02-26-2021 0630
ALP   HTH WELL C HEALTH & WELLNESS LIFESPN COMP 02-17-2021 1450 02-17-2021 1450
ALP   HTH WELL P HEALTH & WELLNESS LIFESPN PART 02-04-2021 1330 02-17-2021 1450
ALP   AGE BDY C  HEALTHY AGING BODY COMP      02-03-2021 1413 02-03-2021 1413
ALP   AGE BDY P  HEALTHY AGING BODY PART      01-22-2021 1530 02-03-2021 1413




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
 ALPGH  531.01 *              INMATE HISTORY           *        01-27-2023
PAGE 001 OF 001 *                 WASPB                *        10:40:08

REG NO..: 33756-034 NAME....: SCOTT, AKEIN
 CATEGORY: WSP        FUNCTION: PRT       FORMAT:

FCL    ASSIGNMENT  DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
ALP    PAR NATLC   NATIONAL PARENTING PGM CMPLT  03-18-2021 1050 03-18-2021 1050
ALP    PAR IODC    INSIDE OUT DAD COMPLETE       03-18-2021 1050 03-18-2021 1050
ALP    PAR IODP    INSIDE OUT DAD PARTICIPATING  03-17-2021 1457 03-18-2021 1050
ALP    PAR IODW    INSIDE OUT DAD WAITING        03-17-2021 0645 03-17-2021 1457
ALP    PAR ONEC    PHASE ONE COMPLETE            03-17-2021 1456 03-17-2021 1456
ALP    PAR ONEP    PHASE ONE PART                03-17-2021 0644 03-17-2021 1456
ALP    PAR ONEW    PHASE ONE WAIT                01-08-2021 0657 03-17-2021 0644




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```