UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-227 |
| AKEIN SCOTT | SECTION "B"(1) |

### ORDER AND REASONS

Before the Court are Petitioner Akein Scott's ("Scott") Motions for Compassionate Release (Rec. Docs. 609, 610, and 623); the Government's Oppositions (Rec. Docs. 639 and 640); and Scott's Reply (Rec. Doc. 641). After careful consideration of the parties' memoranda, the entire record, applicable legal authority, for reasons that follow,

**IT IS ORDERED** that the Motions (Rec. Docs. 609, 610) are **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2014, a federal grand jury returned a Third Superseding Indictment ("Indictment") charging Petitioner Akein Scott ("Scott") and five other defendants with Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, violent crimes in aid of racketeering, conspiracy to distribute heroin and crack cocaine, and other offenses. Rec. Doc. 163. Scott was charged in fourteen counts. *Id.* The Indictment alleged Scott and the other defendants were members of a RICO enterprise called "FnD," which engaged in, among other things, "conspiracy to distribute controlled substances, distribution of controlled substances, acts involving murder, assault with firearms, obstruction of justice, interstate travel in aid of racketeering, and other offenses." *Id.* at 2.

On or around September 8, 2015, Scott pled guilty to Counts 1, 2, 3, 7, 9, 11, 13, and 19 of the Indictment. Rec. Doc. 273 at 1. Page two (2) of the plea agreement clarified: "**In total, the defendant will face a mandatory minimum sentence of 20 years and a maximum sentence of life in prison.**" *Id.* at 2 (emphasis in original). Pursuant to Scott's plea agreement, the Government agreed to dismiss six other counts against him that would have carried at least forty-five (45) years of additional mandatory imprisonment. *Id.*

At his rearraignment, Scott and his counsel affirmed they reviewed the plea agreement, and Scott understood the promises therein. Rec. Doc. 391. The Court advised Scott of the mandatory minimum and the maximum possible sentences. *Id.* Moreover, the Court also instructed Scott that it was free to impose a sentence outside the calculated guidelines range. *Id.* After a lengthy plea colloquy, the Court accepted Scott's guilty plea. *Id.*

The United States Probation Officer's presentence investigation report ("PSR") calculated Scott's total offense level as 45, with a criminal history category I. Rec. Doc. 400 at 46. This resulted in an advisory guidelines range of life. *Id.* at 52. On March 29, 2016, the Court sentenced Scott to a term of life imprisonment plus ten (10) years. Rec. Doc. 461.[1] The Court imposed the sentence after weighing all the § 3553(a) factors, and further noted that Scott's sentence would have been the same had the Court sustained all of Scott's objections to the PSR and the Government's Motion for Sentencing Enhancements. *Id.* at 93.

On July 5, 2022, Scott emailed the Bureau of Prisons ("BOP") staff requesting a reduction in his sentence. Rec. Doc. 639-1. Scott cited five reasons supporting his request: (1) "I am still in danger of catching COVID or one of its deadly variants"; (2) "I was a first time offender"; (3) "the

---

[1] This sentence consisted of life as to each of Counts 1 and 2, a term of 240 months as to Counts 3, 7, 9, 11, and 13, and 120 months as to Count 19 to be served consecutively with all other sentences. *Id.* at 93.

modified schedule over the past 2 years has made my sentence more harsher [sic] than the [J]udge determined my sentence should have been served"; (4) "I have programing [sic] since my incarceration began"; and (5) "my sentence was enhanced for a murder I was not convicted of and am actually innocent of committing." Rec. Doc. 639-1. On or around September 6, 2022, the Acting Warden denied Scott's request, explaining Scott did "not meet the requisite criteria under extraordinary or compelling circumstances." Rec. Doc. 639-2.

On December 20, 2022, Scott moved the Court to "modify his original life sentence[.]" Rec. Doc. 609. On or around December 27, 2023, Scott filed another motion titled: "Compassionate Release/Reduction Amended Inmate Request to Staff." Rec. Doc. 610.[2] On February 6, 2023, Scott filed yet another Motion for Compassionate Release. Rec. Doc. 623.[3] Finally, after the Government filed its Oppositions (Rec. Docs. 639 and 640), Scott filed a Reply on September 19, 2023, titled: "Motion to Rebuttal." Rec. Doc. 641.[4]

## LAW AND ANALYSIS

"A federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)) (internal citations omitted). Title 18, United States Code, Section 3582 "permits the court to reduce a term

---

[2] Defendant's December 27, 2022 filing serves more as a supplement to Scott's motion for sentence reduction. *See* Rec. Docs. 609 and 610. It is one page in length, clarifies defendant is "making sure the entire record is accuracy [sic]. . .", and includes as an attachment, the acting warden's response denying Scott's email requesting for a BOP reduction in sentence. Rec. Doc. 610.

[3] The motion filed on or around February 6, 2023 repeated the arguments contained in the first motion for reduction in sentence, verbatim. *See* Rec. Docs. 610, 623.

[4] The September 19, 2023 filing repeated the arguments about a "youthful offender in the Federal system" and included more detail about Scott's life. Rec. Doc. 641. It included almost verbatim sections on "Reference to relevant conduct" and "the Sixth Amendment – Fact Find New Offense." *Id.* The former section contained an extra emphasis that the relevant conduct, regarding a murder Scott was not charged with, was not a dismissed charge as part of the plea agreement. *Id.*; Rec. Doc. 551. Scott, in the September 19, 2023 filing, further argued that the one count of RICO conspiracy he pleaded guilty to was not a crime of violence under 18 U.S. Code §§ 924(c) and 924(o). Rec. Doc. 641. However, Scott pleaded guilty to two other conspiracies and five different shootings in aid of those offenses. Rec. Doc. 273.

of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Millsaps*, No. CR 95-377, 2021 WL 2291137, at *1 (E.D. La. June 4, 2021) (Lemmon, J.) (citing 18 U.S.C. § 3582(c)(1)(A)).

However, a "court may not modify a term of imprisonment once it has been imposed" unless the petitioner "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [petitioner's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner's] facility." 18 U.S.C. § 3582(c)(1)(A) (further requiring "extraordinary and compelling reasons" to warrant a reduction). "The statute's language is mandatory. Congress has commanded that a 'court *may not* modify a term of imprisonment' if a petitioner has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

Parties do not dispute Scott submitted an inmate request to the BOP prison staff. Rec. Doc. 639-1. However, the Government notes, and the Court agrees, Scott's email to BOP prison staff did not request a reduction in sentence based on his young age at the time of the offense. *See* Rec. Doc. 639-1 and 639-2. Logically, the BOP was never placed on notice of this factor, and so, could not properly address this factor. Put another way, this claim is not exhausted. The Fifth Circuit has been clear, "[t]hose who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP." *Franco*, 973 F.3d at 468. Scott should have provided the BOP with this information before citing his age as an "extraordinary and compelling" reason sufficient to warrant reduction.

Next, Scott argues because he was only between ages thirteen (13) through nineteen (19) when he committed the crimes for which he pleaded guilty to, he lacked the requisite brain development to comprehend the consequences of his conduct juxtaposed with how his youth made him more susceptible to bad influences. Rec. Docs. 609 and 623. Even assuming this to be true, it does not qualify as an "extraordinary and compelling reason" for a sentencing guideline reduction.

"Notably, Section 3582 does not define 'extraordinary and compelling reasons.' Congress left that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022). U.S.S.G. § 1B1.13's Commentary and Application Notes articulates four categories of "extraordinary and compelling reasons" that may warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons.

However, based upon a careful review of the record, the Court cannot conclude Scott meets even this non-binding requirement. That is, Scott is not "at least 65 years old" and he is not "suffering from a terminal illness." U.S.S.G. § 1B1.13, Application Note 1(B). Instead, Scott concedes he is twenty-nine (29) years old. Rec. Docs. 609 & 623 at 1. And, neither his email request to BOP nor any other medical documentation indicates such severe diagnosed medical ailments and/or illnesses arising to the level contemplated in the Notes. Rec. Doc. 639-1. Moreover, Scott has not "served at least 10 years or 75 percent of his [] term of imprisonment." U.S.S.G. § 1B1.13, Application Note 1(B). Finally, while certificates are attached in his motion showing participation and/or successes in BOP rehabilitation programs, there are several BOP disciplinary findings in the record that are concerning.

Because Scott has not met his burden of identifying an "extraordinary and compelling" reason justifying his early release, this Court may deny the instant motions without reaching the Section 3553(a) factors. *United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022) ("On remand, the district court may deny [petitioner]'s motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release.").

For the foregoing reasons,

**IT IS ORDERED** that Scott's Motions for Compassionate Release (Rec. Docs. 609, 610, and 623) shall be and hereby are **DENIED**.

New Orleans, Louisiana this 31st day of October, 2023

SENIOR UNITED STATES DISTRICT JUDGE